UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTINE LEON, *et al.*,

      Plaintiffs,

v.

      Case No. 2:09-cv-329
      JUDGE SMITH
      Magistrate Judge King

CITY OF COLUMBUS,

      Defendant.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Andre Leon's Motion to Dismiss his claims Without Prejudice pursuant to Rule 41(a)(2) (Doc. 98). Defendant has filed a Response in Opposition and this matter is now ripe for review. For the reasons that follow, Plaintiff's Motion is **DENIED**.

### I.  BACKGROUND

Plaintiffs initiated this case on April 27, 2009. Defendant the City of Columbus moved for summary judgment on Plaintiff Christine Leon's claims (Doc. 41) and on Plaintiff Andre Leon's claims (Doc. 42). After some additional discovery and filing an Amended Complaint, Plaintiffs filed a Response in Opposition to the Motion for Summary Judgment as to Christine Leon (Doc. 83). This Motion is fully briefed and ripe for review.

In Plaintiffs' Amended Complaint filed March 24, 2011, Plaintiff Andre Leon added a failure to promote claim. Plaintiffs had requested a stay of the proceedings to allow for completion of discovery and to file a response to Defendant's Motion for Summary Judgment with respect to Andre Leon. The Court granted the stay because many of the issues related to both Plaintiffs and

the interests of judicial economy would be best served by issuing one decision on both motions. Instead of timely filing a response to Defendant's Motion for Summary Judgment, Plaintiff has sought several extensions with the most recent extension until February 3, 2012.

Defendant filed a supplemental motion for summary judgment on December 15, 2011. Plaintiffs have not responded. Instead, Plaintiff Andre Leon moved to dismiss his claims without prejudice on February 3, 2012.

## II. DISCUSSION

Rule 41(a)(2) of the Federal Rules of Civil Procedure allows a plaintiff to voluntarily dismiss a claim with the permission of the court if the request is made after the defendant has filed an answer. Rule 41(a)(2) provides in pertinent part: "an action may be dismissed at the plaintiff's request only by a court order, on terms that the court considers proper."

The decision whether to grant or deny a motion under Rule 41(a)(2) is in the discretion of the district court. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)). The primary purpose of requiring court approval for dismissal is to protect the nonmovant from unfair treatment or prejudice. *Grover*, 33 F.3d at 718 (citing *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir. 1990)).

In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant. *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988) (citing *Pace v. Southern Express Co.,* 409 F.2d 331, 334 (7th Cir. 1969)).

Considering the aforementioned factors, a dismissal of Plaintiff Andre Leon's claims at this stage in the proceedings would result in prejudice to Defendant. Plaintiff Andre Leon suggests that he is currently scheduled to undergo shoulder and lumbar surgery, which will affect his ability to return to work, and/or his accommodations or restrictions may change that will ultimately impact his claims in this case. Plaintiff Andre Leon further asserts that a dismissal without prejudice would not harm Defendant, but in fact would alleviate any need to find accommodations for him at this time.

Defendant argues in opposition that it is prejudiced by the delay in resolution of matters, specifically the motion for summary judgment, filed more than sixteen months ago. Defendant asserts that it should not be required to wait for plaintiff to address claims initially raised in 2009. Defendant is concerned that all the time and expenses incurred thus far will be for naught and will have to be expended a second time if Andre Leon is permitted to dismiss his claims without prejudice. In response to Plaintiff's argument, Defendant responds that Andre Leon last worked in February 2009, and there is no evidence that he has tried to return to work or that the City has refused to accommodate requested restrictions.

The Court agrees with Defendant. Plaintiff Andre Leon's arguments in support of dismissal have no bearing on the decision whether to grant the motion to dismiss. Plaintiffs initiated this case in 2009 based on conduct that occurred prior to the filing. The fact that Andre Leon currently has a surgery scheduled and it may affect his claims is not sufficient justification to warrant a dismissal without prejudice. Defendant has expended a great deal of time and money defending this action. Further, the Court has generously granted Plaintiffs numerous extensions and even stayed this action to allow for further development of their case. Defendant will be prejudiced if forced to defend an action from Andre Leon at some time in the future when it has already moved for

summary judgment on those claims.  Accordingly, Plaintiff Andre Leon's Motion to Dismiss Without Prejudice is **DENIED**.

### III.    CONCLUSION

Plaintiff Andre Leon's Motion to Dismiss Without Prejudice is hereby **DENIED**.  Plaintiff Andre Leon shall respond to Defendant's Motion for Summary Judgment on or before March 12, 2012.  Defendant may then filed a reply on or before March 19, 2012.  Upon completion of the briefing on the pending motions, the Court will then lift the stay in this case and issue a decision.

The Clerk shall remove Document 98 from the Court's pending motions list.

**IT IS SO ORDERED.**

                                      */s/ George C. Smith*
                                      **GEORGE C. SMITH, JUDGE**
                                      **UNITED STATES DISTRICT COURT**